UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLIS E. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV01030 ERW |
| | ) |
| ED SCHAFER, Secretary, | ) |
| U.S. Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon the United States Department of Agriculture's Motion to Dismiss [doc. #9].

### I.  BACKGROUND AND PROCEDURAL HISTORY

The Farmers Home Administration was formerly a credit agency within the United States Department of Agriculture ("Defendant"). The Farmers Home Administration was authorized to make loans to farmers. Those who believe that they have been discriminated against by the Farmers Home Administration may file written complaints with the Office of Adjudication and Compliance (formerly known as the Office of Civil Rights).[1] Aggrieved persons do not have to file a complaint with the Office of Adjudication and Compliance before bringing a lawsuit in federal court.

In this lawsuit, Ellis E. Bell ("Plaintiff"), alleges that Defendant discriminated against him based on his race. He states that he applied for various farm credit and non-credit benefit programs during the years of 1970 and 1971, and he asserts that his applications were denied

---

[1] The Office of Adjudication and Compliance (and the Office of Civil Rights) is a compliance office within the United States Department of Agriculture.

based on race. Additionally, Plaintiff alleges that he filed written discrimination complaints the Office of Adjudication and Compliance that were not properly investigated.[2] Plaintiff seeks to recover for these alleged discriminatory acts.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When a court's subject matter jurisdiction is challenged, at issue is that court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). As a result, a court must satisfy itself that it has jurisdiction over the subject matter of the case before it may reach the merits of the complaint. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

For an action to be dismissed "under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Consequently, a court faced with a Fed. R. Civ. P. 12(b)(1) motion to dismiss must determine whether the motion is brought as a facial or factual attack to the complaint. A court considering a facial attack "restricts itself to the face of the pleadings." *Osborn*, 918 F.2d at 729 n.6. Alternately, in a factual attack, a court "considers matters outside the pleadings," including testimony and affidavits. *Osborn*, 918 F.2d at 729 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[3]

Before the Court today is a facial attack on subject matter jurisdiction as Defendant has limited its challenge to the allegations in Plaintiff's Complaint. In a facial attack, a court must

---

[2] Plaintiff has attached as an exhibit to his Complaint a letter from Defendant referencing a complaint filed on or about December 24, 1997, alleging discrimination between 1970 and 1994.

[3] A court considering a factual attack "inquires into and resolves factual disputes." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

2

"accept all of the factual allegations in [the] complaint as true and ask whether, in these circumstances" subject matter jurisdiction exists. *Deuser v. Vecera*, 139 F.3d 1190, 1191 (8th Cir. 1998) (quoting *Berkovitz v. United States*, 486 U.S. 531, 540 (1988)). Because the Court presumes that the factual allegations in Plaintiff's complaint are true, the Court will only dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle Plaintiff to relief. *Osborn*, 918 F.2d at 729 n.6 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *United States v. Hall*, 269 F.3d 940, 944 (8th Cir. 2001) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Moreover, any such waiver "must be 'construed strictly in favor of the sovereign.'" *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992).

### D. *FIFTH AMENDMENT*

In Counts II and IV, Plaintiff asserts that Defendant violated his Fifth Amendment rights under the Constitution. "The Constitution does not waive the Government's sovereign immunity in a suit for damages." *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Plaintiff's constitutional claims seek monetary damages as he asks that "Defendant's actions be reversed" and for the Court to "declare Plaintiff eligible to receive monetary relief." The United States has not waived its sovereign immunity for claims such as these, and as a result, the Court does not have jurisdiction. *Id.*

### A. *EQUAL CREDIT OPPORTUNITY ACT*

3

In Count III, Plaintiff seeks to recover under 15 U.S.C. §1691(a), also known as the Equal Credit Opportunity Act ("ECOA"). ECOA makes it unlawful for any creditor to discriminate against an applicant "on the basis of race, color, religion, national origin, sex or marital status, or age. 15 U.S.C. § 1691(a). Under ECOA, any creditor that fails to comply with its requirements "shall be liable to the aggrieved applicant for any actual damages sustained by such applicant." 15 U.S.C. § 1691e(a). However, subsection (f) provides that no action may be brought later than two years after the alleged ECOA violation. 15 U.S.C. § 1691e(f).

Congress recognized that the USDA "'effectively dismantled' its civil rights enforcement apparatus." in the early 1980's, ignoring discrimination complaints that were filed with the agency. *Garcia v. Vilsack*, 563 F.3d 519, 521 (D.C. Cir. 2009). As a result, "Congress enacted a special remedial statute in 1998 for applicants who had filed a 'nonemployment related complaint' with the USDA before July 1, 1997 that alleged discrimination between January 1, 1981 and December 31, 1996." *Id.* (citing Pub. L. No. 105-277, § 741(e)). This waiver clearly specified the time period in which the discrimination must have occurred, and the waiver was limited in time as it required suits under this waiver to be filed by October 21, 2000. *Id.*

Plaintiff's claim does not fall within either the two year statute of limitations under ECOA because it alleges discrimination from 1070 to 1994 and was filed on July 15, 2008. Additionally, Plaintiff's claim is not saved by the 1998 Congressional waiver. Plaintiff states that he filed a complaint with the Office of Civil Rights on or about December 24, 1997, however, this did not satisfy the July 1, 1997 deadline. This Congressional waiver "must be 'construed strictly in favor of the sovereign,'" and Plaintiff's claim does not fall within its ambit. *Nordic Village Inc.*, 503 U.S.at 34. The waiver of sovereign immunity under ECOA is not applicable and this Court does not have jurisdiction over Plaintiff's ECOA claim in Count III.

4

**B.**     *ADMINISTRATIVE PROCEDURES ACT*

In Count III, Plaintiff also seeks to recover under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. §§ 701-706. This statute states that "[a]n action . . . seeking relief other than money damages . . . shall not be dismissed . . . on the ground that it is against the United States." 5 U.S.C. § 702. In his Complaint, Plaintiff states that he "prays for money damages" and no other form of relief is sought under Count III. The statutory language demonstrates that "the United States has waived its sovereign immunity in suits requesting non-monetary relief," however, this waiver does not encompass suits claiming money damages. *Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995). Plaintiff's claim under the APA is barred due to the type of relief he seeks, and this claim under Count III will also be dismissed.

**C.**     *TITLE VI OF THE CIVIL RIGHTS ACT OF 1964*

In Count IV of his Complaint, Plaintiff brings a claim under Title VI of the Civil Rights Act of 1964. Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The terms "program or activity" and "program" do not apply to Plaintiff's claim because "Title VI does not apply to programs directly administered by the federal government," such as the Farmers Home Administration. *Maloney v. Social Sec. Admin.*, 517 F.3d 70, 75 (2d Cir. 2008) ; *see also Williams v. Glickman*, 936 F.Supp. 1 (D.D.C. 1996). Plaintiff's claim does not fall under the narrow waiver imposed by the Civil Rights Act of 1964, and Count IV will be dismissed.

**E.**     *PLAINTIFF'S REMAINING CLAIMS*

Plaintiff also asserts 28 U.S.C. §§ 1331, 1343 and 2201 as sources of jurisdiction for the Court. The Court's review demonstrates that these statutes do not confer jurisdiction because they

do not waive the sovereign immunity of the United States for money damages. *See Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998); *Taylor v. United States*, 292 F.App'x 383, 385 (5th Cir. 2008); *Muirhead v. Mecham*, 427 F.3d 14, 18 n.1 (1st Cir. 2005). As a result, the Court does not have jurisdiction over any of Plaintiff's claims. Plaintiff has failed to present any basis upon which this Court may legitimately exercise jurisdiction to hear his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #9] is **GRANTED.** Plaintiff's claims are **dismissed, with prejudice.**

Dated this 22nd day of July, 2009.

                                            E. RICHARD WEBBER
                                            UNITED STATES DISTRICT JUDGE